IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DeLARRON KEITH WASHINGTON,                                                    PETITIONER
ADC #103179

v.                                    5:10-cv-00224-SWW-JJV

RAY HOBBS, Director,                                                           RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is Mr. Washington's Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254.

## I. BACKGROUND

A Union County, Arkansas, jury convicted Mr. Washington in 2008 for residential burglary, first-degree battery, and aggravated robbery. *Washington v. State*, 2004 WL 2397846 *1, No. CACR04-18 (Ark. App. 2004). He was given an aggregate sentence of 44 years' imprisonment. *Id*. Mr. Washington filed an appeal to the Arkansas Court of Appeals, arguing the evidence was insufficient to support the guilty verdicts. *Id*. His convictions were affirmed by the Arkansas Court of Appeals on October 27, 2004. *Id*.

Mr. Washington filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37. His petition was denied and his appeal was dismissed on May 18, 2006.[1]

On October 19, 2006, Mr. Washington filed a petition for writ of habeas corpus pursuant to

---

[1] http://courts.arkansas.gov/opinions/20060518.htm

28 U.S.C. § 2254 in the United States District Court for the Eastern District of Arkansas. *Washington v. Norris*, 5:06-cv-00274-WRW, Doc. No. 2. In that petition, he alleged five claims for relief: (1) the court erred in finding his counsel was effective; (2) the court erred in denying his Rule 37 petition without an evidentiary hearing; (3) his case should have been remanded because the order denying his Rule 37 petition did not contain any findings of fact as required by Arkansas Rule of Criminal Procedure 37.3; (4) his case should have been remanded because the mandate entered by the court violated his due process rights and violated ex post facto law; and (5) his case should have been remanded because opposing counsel failed to disclose exculpatory evidence. *Id.*

On October 2, 2007, the district court dismissed Mr. Washington's petition as untimely**.** (Doc. No. 11, Ex. A.) Mr. Washington filed a motion for certificate of appealability which was denied by the district court on November 28, 2007. (*Id.*) The United States Court of Appeals for the Eighth Circuit denied Mr. Washington's application for certificate of appealability on January 3, 2008. (Doc. No. 11, Ex. B.) Mr. Washington sought another certificate of appealability from the Eighth Circuit arguing that he "brought forth the newly discovered evidence that his lawyer was suspended during the time of his trial." (Doc. No. 11, Ex. C.) It was again denied. (Doc. No. 11, Ex. D.) Mr. Washington then sought a certificate of appealability for the third time and this, too, was denied. (Doc. No. 11, Ex. E & F.)

Mr. Washington filed the instant Habeas Petition on August 2, 2010. (Doc. No. 1.) In his petition he alleges: (1) the Union County Circuit Court erred in allowing him to be tried in a court of law without the assistance of counsel because his counsel was suspended from the practice of law at the time of the trial; (2) the Union County Circuit Court erred in finding that his trial counsel was effective; and (3) his case should be remanded because the order entered by the Union County Circuit Court failed to include findings of fact or record references and is therefore deficient under

Arkansas Rule of Criminal Procedure 37.3. (Doc. No. 2.) The Respondent argues that this Court is without jurisdiction to consider Mr. Washington's claims because he has failed to obtain permission from the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). (Doc. No. 11.)

## II.   DISCUSSION

The Court finds it does not have jurisdiction over Mr. Washington's claims because he has failed to obtain certification from the United States Court of Appeals for the Eighth Circuit to file a successive habeas petition.

Section 2244(b)(1) of Title 28, United Code, provides that "[a] claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed." The AEDPA amended 28 U.S.C. § 2244(b) to prevent the filing of any subsequent habeas corpus petitions absent certification by the appropriate court of appeals for the circuit in which the district court sits. 28 U.S.C. § 2244(b)(3)(A).

"Under § 2244(b), the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application' [and adjudicated]. If so, the claim must be dismissed. . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Any new claim that has not been adjudicated on the merits must be dismissed unless it relies on a new and retroactive rule of constitutional law or new facts showing actual innocence. *Tyler v. Cain*, 533 U.S. 656, 661-62 (2001).

Mr. Washington's second and third arguments in the instant petition are the same as those presented in his first habeas petition in the Eastern District of Arkansas. Those arguments were denied and a certificate of appealability was denied by both the district court and the Eighth Circuit. Mr. Washington's argument that his counsel was ineffective because his license was suspended at

the time of trial has been presented to the Eighth Circuit in a certificate of appealability, but the Eighth Circuit has declined to grant it. Therefore, these arguments are successive and before this Court may exercise jurisdiction over them, Mr. Washington must obtain permission from the United States Court of Appeals for the Eighth Circuit.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1) Mr. Washington's petition (Doc. No. 1) be DISMISSED without prejudice and the relief requested be DENIED.

DATED this 10th day of November, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE